**George Ronald BROWN, Petitioner,**

v.

**The STATE of Oklahoma et al., Respondents.**

**No. A–14493.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

George Ronald Brown, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge:

On the 1st day of November, 1967, petitioner filed an application for habeas corpus and/or post conviction review of the judgment and sentence rendered against him in the District Court of Kay County on the 15th day of March, 1952. Thereafter, this Court issued an Order to Conduct an Evidentiary Hearing on the issues raised in said application, and on the 16th day of February, 1968, said hearing was conducted by the Honorable Lester R. Maris, Judge of the Eighth Judicial District of the State of Oklahoma, at the conclusion of which the Judge made certain findings of law and facts. The Findings of Fact were attached to the transcript of these proceedings and filed with this Court on the 1st day of March, 1968. We hereby adopt the Findings of Fact made and entered by the Honorable Lester R. Maris, the same providing:

"NOW on this 16th day of February, 1968, pursuant to the Order of the Court of Criminal Appeals dated the 16th day of January, 1968, directing the District Judge of Kay County, Oklahoma to conduct an evidentiary hearing, to make findings of fact on the issues raised, and transmit the same, together with a transcript of the proceedings, to the Clerk of the County of Criminal Appeals, a hearing was held in the Dis-

trict Courtroom of Kay County, at New-kirk, Oklahoma.

The Petitioner, George Ronald Brown, appeared in person and with his attorney, Joseph A. Wideman, the Public Defender, whom the Court appointed to represent Petitioner at said hearing. The State of Oklahoma appeared by the Assistant District Attorney of Kay County, Donald C. Welch.

The Court having examined the pleadings and having heard the testimony of witnesses, and having carefully considered the same, makes the following findings of fact:

1. Petitioner, George Ronald Brown, is one and the same person who was the defendant in Case No. 3722 in the District Court of Kay County, Oklahoma, and who, in said case, on the 11th day of March, 1952, was found guilty of Rape in the First Degree, and on the 15th day of March, 1952, was sentenced to a term of ninety-nine (99) years in the State Penitentiary at McAlester, Oklahoma, and was delivered to the Warden on or about the 25th day of March, 1952.

2. Petitioner's Court-appointed attorney, on the 15th day of March, 1952, gave notice in open court of his intention to appeal to the Court of Criminal Appeals and asked for an extension of time in which to prepare and serve a casemade, and that the amount of an appeal bond be set. Thereupon, the Court granted defendant sixty (60) days in which to make and serve casemade; the State was given ten (10) days thereafter in which to suggest amendments; said casemade to be signed and settled thereafter upon five (5) days notice by either party.

3. The Court finds that Petitioner did not request his attorney to appeal and that his attorney did not tell Petitioner he would appeal. In fact, the attorney advised Petitioner not to appeal for the reason that, if the appellate court should order a new trial, there were grave possibilities that Petitioner might receive the death penalty and, in addition, his attorney felt there was no reversible error in the record. Petitioner's attorney prepared and delivered to Petitioner a Pauper's Affidavit to be used for obtaining a casemade at public expense in the event of an appeal. Petitioner did not complete or file the Pauper's Affidavit. The attorney heard nothing further from Petitioner after the District Judge extended the time for preparing and serving of a casemade.

4. Petitioner testified he wrote two letters to his attorney and one letter to the Trial Judge in which he requested an appeal, but that he did not receive a reply to any of his letters. The attorney testified he did not receive any letters from Petitioner and the case file does not contain any letter from Petitioner to the Judge. The Court finds such alleged letters were not written.

5. Petitioner's written Application for a Post Conviction Appeal to the Court of Criminal Appeals contains many false and exaggerated statements, many of which the Petitioner denied on the witness stand. The Court specifically finds that defendant was not 'held incommunicado for a period of approximately thirty (30) days and during all this time he was interrogated by the County Officers and the Police of Ponca City.'

6. The Court specifically finds that Petitioner was advised of his right of counsel at or before his arraignment and, in fact, selected counsel from a list suggested by the County Judge, and was ably represented by competent counsel at every stage, including arraignment before the County Court, preliminary hearing, arraignment on Information before the District Judge, pre-trial hearing, trial before the jury, sentencing and notice of appeal. The Court further finds that all statements in Petitioner's Application to the contrary are false and untrue.

7. Petitioner alleges he was illegally arrested. The Court finds from the evi-

dence that a felony had been committed and the officers had reasonable cause for believing the Petitioner had committed said felony.

8. Petitioner alleges in his Application that his car was illegally searched and certain things were illegally taken from the car. The Court finds there was no evidence on this subject and this Court concludes there was no illegal search of Petitioner's car at the time of arrest.

9. The Court further finds that the person who drafted the Petitioner's written Application resorted to the old trick of citing cases and then trying to mold the evidence to conform to law expressed in the cases. The Court finds the greater portion of the Application was not presented at the hearing and was wholly in the mind of the person drafting the instrument.

10. Petitioner testified the jury was permitted to separate at the close of the first day of his trial. The testimony of the former County Attorney and the defense attorney was that they could not recall. The Journal Entry of Judgment does not show either way but states the jury was admonished. The Court finds that the Trial Judge was a very capable trial judge with many years experience in the trial of criminal cases and that if the jury did separate, it was done with the consent of the attorneys on both sides of the case and was without objection by anyone.

11. The Court finds that the Trial Judge did not advise defendant of his right to appeal as required by Miranda vs. Arizona*. However, the Court finds that at the time this case was tried, in 1952, the trial court used the procedure followed at that time, in that the defendant was furnished with competent counsel at all stages of the proceeding and relied upon the attorney to fully advise the accused of his constitutional right of appeal. The Court further finds that this was done by the attorney and Petitioner was fully advised of his right to appeal.

12. The Court finds there was no evidence presented at the hearing which showed reversible error by the trial court and that Petitioner's Application for a Post Conviction Appeal should be denied.

DATED this 28th day of February, 1968.

/s/ Lester R. Maris

District Judge
Kay County, Oklahoma."

In the light of the above Findings of Fact of the Honorable Lester R. Maris, which are supported by the record, we are of the opinion that the petitioner is not entitled to a post conviction review of the judgment and sentence rendered against him on the 15th day of March, 1952, in the District Court of Kay County, and the relief prayed for is accordingly denied and the application is dismissed.

NIX, P. J., and BRETT, J., concur.

---

* The learned trial judge obviously meant Douglas v. People of State of California,